127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin Allen JOHNSON, Defendant-Appellant.
 No. 97-30155.
 United States Court of Appeals, Ninth Circuit.
 Decided Oct. 27, 1997.
Submitted October 20, 1997**
 
 Appeal from the United States District Court for the District of Oregon Owen M. Panner, Senior District Judge, Presiding
 Before: THOMPSON, NELSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Martin Allen Johnson appeals pro se the district court's order denying his motion for correction and clarification of sentence. We construe the motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.
 
 
 3
 Johnson was sentenced by the district court on October 10, 1986 to an aggregate twenty-two year prison term and a six year special parole term. On Count 1 (possession of cocaine with intent to distribute), Johnson was sentenced to a twenty-year term of imprisonment. On Count 2 (possession of less than 50 kilograms of marijuana with intent to distribute), Johnson was sentenced to a concurrent ten-year term of imprisonment to be followed by a special parole term of six years. On Count 3 (possession of a firearm by a convicted felon), Johnson was sentenced to a two-year term of imprisonment to be served consecutively to the sentence imposed on Count 1.
 
 
 4
 Johnson was paroled on August 30, 1993. At that time, the Bureau of Prisons issued a special parole certificate stating that Johnson would be subject to special parole commencing April 29, 2008, and ending April 28, 2014. Johnson was terminated from regular parole on December 31, 1996, and commenced his six-year special parole term on that date.
 
 
 5
 Johnson contends (a) that his special parole term began to run in April 1996, when Johnson completed the ten-year sentence on Count 2, rather than on December 31, 1996, the date on which his regular parole term was terminated; and (b) that his parole should cease on November 1, 1997 because neither the Parole Commission nor any parole status will exist after that date.
 
 
 6
 The district court properly rejected Johnson's first contention because a special parole term does not commence until expiration of a regular parole term. See 21 U.S.C. § 841(c) (repealed) (the special parole term "shall be in addition to, and not in lieu of, any other parole provided for by law"); Bunker v. Wise, 550 F.2d 1155, 1158 (9th Cir.1977) (interpreting § 841(c) as providing that a special parole term "takes effect after the expiration of normal parole or after mandatory release").
 
 
 7
 Johnson's second contention also lacks merit. The Parole Commission's existence has been extended by the Parole Commission Phaseout Act of 1996, Pub.L. 104-232 (Oct. 2, 1996). This Act extends the Commission's existence to November 1, 2002, and allows for a transfer of parole functions to another entity within the Department of Justice.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3